B. E. MASSEY, Appellant,

v.

MASONITE CORPORATION, Appellee.

No. 15111.

United States Court of Appeals,
Fifth Circuit.

March 2, 1955.

Leonard B. Melvin, Jr., Melvin, Melvin & Melvin, Laurel, Miss., for plaintiff-appellant.

C. Denton Gibbes, Jr., W. S. Welch, David C. Welch, C. Denton Gibbes, Jr., Ernest W. Graves, Laurel, Miss., for appellee, Welch & Gibbes, Laurel, Miss., of counsel.

Before HOLMES and BORAH, Circuit Judges, and DAWKINS, District Judge.

HOLMES, Circuit Judge.

This appeal is from an action for damages for the alleged pollution of the appellant's lake. The court below granted the appellee's motion for summary judgment on the basis of a certificate of compliance issued by the Mississippi Game and Fish Commission. The only question presented by this appeal is whether the declaration and the answer thereto set forth a material or genuine issue of fact.

Appellant filed suit in the state court, which was removed to the court below by the appellee. The complaint alleged that appellant was the owner of certain property in Jones County, Mississippi; that he had constructed a 7-acre lake thereon and stocked it with various kinds of game fish, and had been operating a profitable business by leasing and selling rights to fish in the lake; that the lake was near a creek, which flowed past the appellee's plant; that Masonite had discharged certain waste materials and effluents into the creek when it knew, or should have known, that the creek was overflowing and that the harmful effluents would get into private lakes; and that, due to the negligence of Masonite, the appellant's lake has been completely destroyed. He sought actual and punitive damages in the amount of $31,400.

Masonite denied any acts of negligence, admitted the discharge of effluents into the creek, but denied any damage or injury to the appellant as a result thereof. It set forth in defense a Mississippi statute which gave to the State Game and Fish Commission jurisdiction to regulate and control the discharge of industrial effluents into the waters of the state. Chapter 381 of the Laws of the State of Mississippi of 1946. It further alleged that, under the rules and regulations of said commission, it had been granted a certificate of compliance which, by express provision of the statute, was conclusive evidence for all purposes that the effluents discharged by Masonite would not destroy fish or animals or be injurious to the public health or public welfare. An affidavit alleging these facts and the fact that the certificate of compliance was in full force and effect was attached to the motion for summary judgment filed by Masonite. Appellant filed no response or counter affidavits to the motion, and judgment was entered for Masonite upon the basis of the certificate of compliance.

The statute which established the jurisdiction of the Mississippi Game and Fish Commission specifically excludes lakes or other waters that are wholly landlocked or privately owned or any part of the Mississippi River. Section 5929-11 of the Mississippi Code of 1942, as amended. The appellant contends that if the Commission had no jurisdiction over his privately owned lake, its certificate of compliance given to Masonite cannot be conclusive evidence that the latter's effluents did not kill his fish.

We are of the opinion that a certificate of compliance issued by the State Game and Fish Commission, which only has jurisdiction over the waters of the State, exclusive of lakes or other waters which are wholly landlocked and privately owned, and over industrial concerns using such waters for the dis-

·charge of waste, is not a legal bar to a private suit for damages for the pollution of a privately owned lake. There is a genuine issue of fact as to whether the appellant's lake was private or landlocked, and whether Masonite's effluents killed the fish in the lake. We think it was error for the court to enter a summary judgment based upon the certificate of compliance, and the judgment appealed from is reversed. Masonite Corporation v. Guy, Miss., 77 So.2d 720.

Reversed.